# NOVEMBER, 1910.

CHARLEY HILCHER V. THE STATE.

No. 755.   Decided November 2, 1910.

**1.—Theft—Evidence—Confession—Arrest.**

. Where, upon trial of theft, the evidence showed that defendant was not conscious of the fact that he was to be arrested, or that he was under duress when he made the alleged confession, there was no error.

**2.—Same—Argument of Counsel—Response to Statement of Counsel.**

Where, upon trial of theft, defendant's counsel in his argument stated that defendant's testimony must be taken at full value, as no witnesses had been introduced by the State to show that his character for truth and veracity was not good, there was no error in not withdrawing the State counsel's argument in reply thereto that defendant's character cannot be put in issue by the State.

**3.—Same—Charge of Court—Property Found—Subject of Theft—Circumstantial Evidence.**

Where, upon trial of theft, the court charged upon the law that found property might be the subject of theft, and also instructed on circumstantial evidence, but there were no exceptions reserved at the time or special instructions requested, and the case being one of misdemeanor, the matter could not be revised on appeal.

Appeal from the County Court of Scurry.   Tried below before the Hon. C. R. Buchanan.

Appeal from a conviction of misdemeanor theft; penalty, a fine of $10 and ten days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of theft of a hat, the appeal being from the County Court.

The State's case, in brief, is that appellant and other boys were working about the Hermleigh school building, and the alleged owner of the hat, Macklin, was also working there; that the owner of the hat, after reaching the building to go to work, took off his hat and put on a hat that he was accustomed to wearing while painting. Appellant and some other boys were working around the building assisting in some concrete work.   The boys quit work about 5 or 5:30.   The painters continued their work until about 6 o'clock. When Macklin went to change his clothing his hat was gone.   Something like six weeks afterward appellant was found wearing the hat.

The testimony is to the effect that appellant had the hat in the school building, but claims that he put it back, and that later when he left the building to go home he found the hat two or three hundred yards from the building on the ground, the theory being that it was blown there by the wind or got there in some way without appellant's intervention, and that he picked the hat up and carried it away. The evidence shows that there was no wind blowing on the day in question. The hat is shown to be the property of the alleged owner. Appellant claims that when he took it home he hung the hat up and informed his father and mother that he had found it. It remained at the house until the day he was found in possession of it on the street, and his testimony is to the effect that he did not steal the hat nor did he intend to steal it. Macklin and the officer who went to appellant testified that appellant told them that he had bought the hat in Southern Texas a long time ago and brought it there with him. That Macklin then said to the appellant that there was no use lying about it, and that the hat was his, witness', whereupon appellant said he had not bought the hat in Southern Texas, but that he had found it in the south part of the town, meaning Hermleigh, where they then were. The officer then arrested him. Appellant denied in his testimony that he stated to the owner and the officer that he had bought the hat in South Texas, but did admit that he told them he found it as he indicated. The father and mother of appellant corroborated appellant as to his statement about the hat when he brought it home. This is a sufficient statement of the facts to bring in review the questions raised.

1. There are two bills of exception reserved to the introduction of the testimony of Ash, the constable, and the testimony of Macklin, the alleged owner. These bills show appellant objected to the testimony of both witnesses because appellant was under arrest or duress at the time he made the statement, and the testimony was, therefore, inadmissible. As the testimony of both witnesses is practically the same, enough of the constable's testimony is now stated so that the matter may be clearly seen. He states that before appellant was arrested he was requested by the prosecuting witness Macklin to go with him to arrest appellant. They found appellant and asked him where he got the hat he was wearing. He replied that he got it in Southern Texas and brought it to this country with him. Macklin said to him that he did not do any such thing, that it was his, Macklin's, hat that he (appellant) was wearing, and that appellant had stolen it from him. Appellant said, no, he had found the hat there in Hermleigh south of the new school building. The officer then said: "I told Hilcher that was too thin and that I would have to take him along for stealing that hat. Upon the advice I had from Macklin, when we went to where Hilcher was, I intended to arrest Hilcher, and would not have let him go away until I had satisfied myself about the matter." This is the officer's testimony,

and, in substance, the same as that of Macklin's reserved in the other bill of exceptions. As this bill of exceptions presents the matter we are of opinion that appellant was not under duress. It is true the officer said he did not intend to let him get away until he had satisfied himself about the matter, and that after he satisfied himself about the matter he did arrest appellant. Appellant was not conscious of the fact, so far as the record is concerned, that he was to be arrested, and it is not shown, as we understand this testimony, that he was under any duress, or that he believed he was under duress when he made the statement. We are of opinion, therefor, these bills do not justify this court in reversing the judgment.

2. Another bill of exceptions recites that when the county attorney was making his speech he said: "Fritz (defendant's counsel) says the State did not put defendant's character in issue and therefore it must be presumed to be good. When as a matter of law, gentlemen of the jury, the State can not put the defendant's character in issue. The defendant alone can do that. How does Fritz know but that we had witnesses here to show that the defendant had been picking up little things around over the country, in case he did put his character in issue. But they were too smart to do that. As to our failure to show a bad general reputation of defendant for truth and veracity in the community in which he lives, I will say that it is not my policy to try to show a bad reputation for a witness whose testimony does not agree with the State's theory of the case. I had the privilege of introducing evidence to show defendant's reputation for truth and veracity if I had wanted to, but I absolutely had no power to introduce any to show his character until he himself did so." To this an exception was reserved, and a request made to withdraw it from the consideration of the jury. The court overruled the objection and permitted the "argument to stand before the jury." Appellant claims that these remarks were not warranted by the evidence and were prejudicial to his legal rights, and calculated to influence and prejudice the jury against him. This bill is qualified as follows: "That the county attorney was using and did use substantially the language attributed to him in this bill, but same was made in reply to argument that had been made by the defendant's attorney, Fritz R. Smith, to the effect that the defendant's testimony must be taken at full value because the county attorney had not introduced any witnesses to show that the defendant's character was not good, or that he did not have a good reputation for truth and veracity." This bill was accepted with the qualification above, and, therefore, concurred in by appellant as being correct. Under this view of the matter we are of opinion that the matter was not sufficiently erroneous to require a reversal of the judgment. Under the qualification appellant's attorney had in effect stated that appellant's testimony must be taken at full value because witnesses had not been introduced to show his character was not good and that he did not have a good

reputation for truth and veracity. This matter was alluded to and discussed by appellant before the jury, and his bill recites these matters were not introduced in evidence. Therefore, appellant brought the matter before the jury in argument and statements of his attorney, which authorized the county attorney to make the reply of which complaint is made.

3. Appellant complained of the third paragraph of the court's charge which instructed the jury in effect that a person may be guilty of the theft of property that is lost, and that this is true when a person finds goods or property that is lost and appropriates the property with the intent to take dominion over it, knowing at the time or really believing that the owner could be found. He also criticises the fifth paragraph of the court's charge wherein the court instructed the jury that the State relied for conviction upon circumstantial evidence, and instructed them that in order to warrant a conviction on this character of evidence the circumstances must be reasonable and connected in such manner as to exclude any other reasonable conclusions than that of the guilt of the defendant. There were no special charges asked, and no exceptions reserved otherwise than in the amended motion for new trial. This being a misdemeanor, the complaining parties are required to except to the charge of the court and ask special instructions covering the matter about which he assigns error, and in case of refusal, to reserve an exception also to such refusal of the court to give his requested instructions, otherwise exceptions in misdemeanor cases, as a rule, usually can not be considered by this court on appeal. We deem it unnecessary to enter into a discussion as to whether the charges were technically correct or not, or even sufficiently submitted the issues about which they were given inasmuch as appellant did not bring himself in the rule which requires or authorizes the court to consider such matters on appeal. As the record presents this matter on appeal, this court would not feel justified in reversing the judgment. It is, therefore, ordered that it be affirmed.

*Affirmed.*