### JIM LUBBOCK v. THE STATE.

#### No. 1691.  Decided April 24, 1912.

**1.—Murder—Evidence—Character of Deceased.**

Where, upon trial of murder, the defendant offered to prove that his witness saw deceased make a violent and deadly assault upon a man with a knife, etc., which testimony was excluded, there was no error, as it was not claimed that the defendant witnessed or knew of this difficulty prior to the homicide. Following Patterson v. State, 56 S. W. Rep., 59, and other cases.

**2.—Same—Argument of Counsel.**

Where the bill of exceptions showed a qualification by the judge that the remarks of the district attorney with reference to defendant's family was a reply to the argument of defendant's counsel, he can not be heard to complain.  Following Sinclair v. State, 35 Texas Crim. Rep., 130, and other cases.

**3.—Same—Sufficiency of the Evidence.**

Where the conviction of murder in the second degree was sustained by the evidence, there was no error.

Appeal from the Criminal District Court of Harris.  Tried below before the Hon. C. W. Robinson.

Appeal from a conviction of murder in the second degree; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Uvalde Burns,* for appellant.—On question of not admitting in evidence other acts of violence by the deceased: Jackson v. State, 62 Texas Crim. Rep., 541, 138 S. W. Rep., 411.

*C. E. Lane,* Assistant Attorney-General, for the State.—Cited cases in opinion.

HARPER, JUDGE.—Appellant was indicted, charged with murder, and when tried was convicted of murder in the second degree and sentenced to five years in the penitentiary.

The State's evidence would present a case of an unprovoked murder.  Appellant's witnesses testify to threats by deceased to take the life of appellant, and that deceased's reputation was that of a quarrelsome, violent and dangerous man, especially so when drinking. Appellant testifies that he had been informed of the threats; knew of the dangerous character of deceased, and that when he shot him, the deceased had turned and started towards him, throwing his hand back, and he, appellant, thought the deceased was going to execute the threats and kill him.  As far as this record discloses the deceased was unarmed at the time he was shot.

The appellant introduced several witnesses to prove that the reputation of deceased was that of a violent and dangerous man, the State introducing witnesses to prove that his reputation was that of a peaceful, law-abiding citizen.  During the trial, the defendant of-

fered to prove by the witness Grayson that he witnessed deceased make a violent and deadly assault upon a young white man with a knife, and in the opinion of witness would have killed the young man if he had not been prevented a short time before this difficulty; and by the witness Caddell that he witnessed the same difficulty. To the exclusion of this evidence, defendant reserved bills of exceptions. In the bills it is not claimed that appellant witnessed or knew of this difficulty prior to the homicide, and it has been held by this court that isolated acts of violence are not admissible in evidence unless the defendant knew of such acts. (Patterson v. State, 56 S. W. Rep., 59; Willis v. State, 47 Texas Crim. Rep., 139, 90 S. W. Rep., 1100.) If the bills had shown that defendant knew or had been informed prior to the homicide of these acts of deceased, a different question would be presented. For a collation of authorities and rules governing the admissibility of isolated acts of violence, see Branch's Crim. Law, sec. 473.

By the only other bill of exceptions it is shown that in his closing address, the prosecuting officer stated substantially: "Mr. Burns has spoken a good deal of the Lubbock family and what they have done for their country, etc., but I also knew Governor Lubbock; I have known Tom Lubbock and Jim Lubbock ever since I have been in town, and that is the reason they did not attempt to prove he, Jim Lubbock, had a good character. They dared not do it." Counsel for defendant not only objected to the remarks, but requested the court to withdraw such remarks from the consideration of the jury, and to instruct the jury that they should not consider such remarks. The court declined to do so, on the ground, as stated in the qualification to the bill, that Judge Burns in his argument had discussed at length the Lubbock family and stated the history of Texas was the history of the Lubbock family, and referred to the fact that the appellant had lived in Houston for years, and discussed at length the character of appellant, and that what the district attorney had said was but in reply to the argument of Judge Burns. Appellant accepts this bill and files it, and consequently is bound by the qualification, and if the remarks of the district attorney were by a reply to the argument of appellant's counsel, he can not be heard to complain. A defendant may not complain of improper argument which is occasioned and justified by the argument of his own counsel. Sinclair v. State, 35 Texas Crim. Rep., 130; Chalk v. State, 35 Texas Crim. Rep., 116; Martin v. State, 41 Texas Crim. Rep., 242; Pierson v. State, 21 Texas Crim. App., 14; Norris v. State, 32 Texas Crim. Rep., 172; Williams v. State, 24 Texas Crim. App., 32; Vann v. State, 48 Texas Crim. Rep., 11; Hilcher v. State, 60 Texas Crim. Rep., 180, 131 S. W. Rep., 592; Washington v. State, 35 Texas Crim. Rep., 154, 32 S. W., 694.

There is no complaint of the charge of the court, and the other grounds relate solely to the sufficiency of the evidence. If the State's

witness Schlesinger is to be given credence, and the testimony of another witness who states after having shot deceased and while he lay on the floor writhing, defendant said, "Die, you s—n of a b—h," the verdict is amply supported.

The judgment is affirmed.

*Affirmed.*