## JIM RICE v. THE STATE.

### No. 3734. Decided October 27, 1915.

**1.—Petty Theft—Evidence—Declarations of the Defendant—Arrest.**

Where, upon trial of theft, the declarations of defendant, giving his explanation of the possession of the alleged stolen property, was made in the presence of the officer, who intended to arrest him, if he found sufficient ground upon investigation, but had not then made the arrest, were admitted in evidence, there was no reversible error. Following Hilcher v. State. 60 Texas Crim. Rep., 180, and other cases.

**2.—Same—No Variance in Proof and Allegation.**

Where defendant was charged with the theft of five hundred asperine tablets, it was not incumbent upon the State to prove that the bottle contained five hundred tablets, and no less, as this was no description of the offense. Following Jones v. State, 44 S. W. Rep., 162.

**3.—Same—Argument of Counsel.**

Where, upon trial of petty theft, the court instructed the jury not to consider the argument of the county attorney to the effect that it was not known whether this was the first time defendant had been charged with crime, there was no error. Following Mercer v. State, 17 Texas Crim. App.; 452.

**4.—Same—Charge of Court—Explanation—Recent Possession** .
Where, upon trial of theft, the court properly instructed the jury in regard to defendant's explanation of his possession of the alleged stolen property,· there was no error in not submitting special instructions on the same issue.

Appeal from the Criminal District Court of Dallas. Tried below before the Hon. W. L. Crawford, Jr.

Appeal from a conviction of petty theft; penalty, a fine of $5 and thirty days confinement in the county jail

The opinion states the case.

*McCutcheon & Church,* for appellant.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of defendant's possession: Martin v. State, 122 S. W. Rep., 558.

HARPER, JUDGE.—Appellant was convicted of theft, and his punishment assessed at a fine of $5 and thirty days imprisonment in the county jail.

R. A. Aldrich testified that he was an officer of the City of Dallas, and on the 2nd of February he saw appellant between San Jacinto and Bryan Streets with a sack on his shoulder; that he examined the sack and found it contained medicines, one article being a bottle of asperine tablets, with the label on it, "500 Compound Tablets, Asperine, five grains, manufactured and guaranteed by the First Texas Chemical Company, Dallas, Texas." That he asked appellant where he was going with this medicine, and that appellant replied he was working for the chemical company, and was taking the medicine to Williams' Drug Store for delivery. He asked appellant for the order sheet, and appellant made a pretense as if searching for it. When appellant did not find the order sheet, Officer Aldrich told appellant he would go with him to the Williams Drug Company and see if he had ordered the medicine; that when they got to the Williams Drug Company he asked Dr. Williams if he had ordered the medicine, and Dr. Williams replied, "No, I never ordered anything from the First Texas Chemical Company in my life"; that he purchased from the Griener-Kelly Drug Company. Appellant replied to him, "You know you ordered this stuff," when Dr. Williams replied, "I did not order that medicine." The officer says he then arrested appellant, and took the sack of medicine. A bill of exceptions was reserved to the admissibility of all this testimony, he contending that he was under arrest. The officer says he did not arrest appellant until after the conversation with Dr. Williams, and would not have done so had not the doctor stated he had ordered no such medicines. Appellant does not testify, and there is no testimony that he considered himself under arrest until after this conversation. So far as this record discloses he went with the officer to the Williams Drug Company store willingly, and there insisted that the Williams Drug Company had ordered the medicine found in his possession. In the case of Hilcher v. State, 60 Texas Crim. Rep., 180,

Judge Davidson, speaking for the court, held: "It is true the officer said he did not intend to let him get away until he had satisfied himself about the matter, and' that after he satisfied himself about the matter he did arrest appellant. Appellant was not conscious of the fact, so far as the record is concerned, that he was under arrest, and it is not shown, as we understand the testimony, that he was under any duress, or that he believed he was under duress, when he made the statement. We are of the opinion, therefore, these bills do not justify this court in reversing the judgment." This is peculiarly applicable to the facts in this case. It is merely shown the officer was making an investigation, and after the investigation he determined to and did arrest appellant, but no arrest had been made nor determined upon until after the investigation. Girtman v. State, 73 Texas Crim. Rep., 158, 164 S. W. Rep., 1008; Hiles v. State, 73 Texas Crim. Rep., 23, and cases cited in these two opinions.

Appellant seems to have made his defense on the theory that as the complaint alleged that he did fraudulently take 500 asperine tablets of the value of $2.50, that it was incumbent on the State to prove that the bottle contained 500 tablets, and no less. Objections to testimony along this line were made, and special charges requested asking the court to instruct the jury that if the State had not shown by the evidence beyond a reasonable doubt that appellant took 500 asperine tablets, they would acquit. This is not the law. Of course, it was incumbent on the State to prove that the tablets taken were asperine tablets, as this was descriptive of the property taken, but it was not necessary to prove the exact number of tablets,—this is in no way descriptive of the property, but relates solely to the quantity taken. And under such an allegation, if the State proved appellant took 100, 200 or any other number of asperine tablets, and they had a value, a conviction would be authorized. Jones v. State, 44 S. W. Rep., 162.

In another bill it is complained that in the argument the county attorney stated that they did not know whether or not this was the first time appellant had been charged with an offense; that the defendant had not put his character in issue, and the State could not attack it. On objection, the court at once sustained the objection, and instructed the jury not to consider the remarks, giving the special charge requested by appellant. This presents no error. Mercer v. State, 17 Texas Crim. App., 467.

The court instructed the jury in regard to the explanation of defendant of his possession of the property in the following language: "You are further instructed that if you find and believe from the evidence beyond a reasonable doubt that the defendant was found in possession of certain asperine tablets, if any, described in the information in this cause by Officer Aldrich, but you further find or have a reasonable doubt thereof that at the time the defendant was so found in possession of said tablets, if any, that defendant had said tablets in his possession for the purpose of delivering same to the Williams Drug Company or any other person, firm or corporation for J. S. Keene of

the First Texas Chemical Company, then if you so find you will acquit the defendant and say by your verdict not guilty." It was, therefore, unnecessary to give the special charges requested on this issue.

The judgment is affirmed.

*Affirmed.*