ANDREW ARIOLA AND JIM MANCHACA v. THE STATE.

No. 3940. Decided February 16, 1916.

1.—Theft of a Goat—Sufficiency of the Evidence.

Where, upon trial of the theft of a goat, the evidence was sufficient to sustain a conviction, there was no reversible error, under a proper charge of the court.

2.—Same—Evidence—Confessions—Arrest.

Where, upon trial of the theft of a goat, the declarations of defendant which in effect admitted his guilt were made while he was not under arrest,

or that he believed that he was, the same were admissible in evidence. Following Hilcher v. State, 60 Texas Crim. Rep., 180, and other cases.

Appeal from the District Court of Nacogdoches. Tried below before the Hon. L. D. Guinn.

Appeal from a conviction of theft of a goat; penalty, two years imprisonment in the penitentiary.

The opinion states the case.

*Beeman Strong,* for appellants.—On question of defendant's confession: Patrick v. State, 74 S. W. Rep., 550; Fry v. State, 58 Texas Crim. Rep., 169, 124 S. W. Rep., 920; Calloway v. State, 55 Texas Crim. Rep., 262.

*C. C. McDonald,* Assistant Attorney General, for the State.—On question of confessions: Norsworthy v. State, 45 Texas Crim. Rep., 339; Hiles v. State, 73 id., 17.

PRENDERGAST, PRESIDING JUDGE.—Appellants were convicted of the theft of a goat with the lowest punishment assessed.

The main contention is that the evidence is insufficient to sustain the verdict. We have carefully read and studied the testimony. It is somewhat voluminous for this character of case. We see no necessity of detailing it. The evidence was amply sufficient to show that the alleged owner, Molandes, had a small number of goats, which ranged around and about his premises; that one of his nannie goats came up to his house alone, and by her actions he concluded something was wrong with his goats. He thereupon proceeded to hunt for them. In doing so, some distance from his house he found their tracks where they had been run, and the tracks of men and boys following, running them. That he finally tracked them from the tracks of the one goat and the men and boys showing they had evidently got one and held and drove it between them some distance across fences until he found where it had been killed in the field of one of appellants. He there found only evidence of the slaughter and the entrails on the ground. By hunting around he found the head some distance from where the animal was slaughtered in a thicket. He swore positively that he recognized the head of that billy goat as his and could not be shaken from his testimony to that effect. He further testified that he tracked and found his herd of goats back of his field, and that this billy goat, which was the only billy goat he had, was not with them. He sent for the sheriff, who came the next day, and he also tracked the goats and men and boys, as he had done. Mr. Spradley, the sheriff, fully corroborated Molandes about the tracks of the goats running, the men following, where they had evidently caught one and taken it from there to where it was slaughtered in one of the appellant's field. There are many facts and circumstances unnecessary to detail that corroborate Molandes and show that it was his goat they had killed.

Mr. Spradley testified that, after he got on the tracks, he sent Molandes back for his horse, and he followed up these tracks, and testified positively that he measured one of them, and it corresponded with the appellant Manchaca's tracks. That he found Manchaca in a cotton pen asleep, and, after measuring his shoe while asleep, either woke him or Manchaca himself awoke. He then tells of the conversation he had with Manchaca and Manchaca's admission, in effect, of the theft. It is unnecessary to detail Mr. Spradley's testimony on this point.

The appellants' contention was that they were in the woods, and their dogs got after some goats and considerably wounded one of them, and that they got that goat after the dogs had thus wounded it, and coming to the conclusion that it would die from the wounds, they thereupon killed, slaughtered, took it to the house and ate it. They claimed that they believed and thought it was the property of Bill Ramos, a brother-in-law of the appellant Ariola. That they did not intend to steal it but intended to pay Ramos for it. Each side introduced more or less testimony tending to establish their respective contentions.

It was shown that some two or three other parties in the same general neighborhood had a herd of goats, including Ramos. Each of them had pastures in which they tried to keep their goats. Molandes had no pasture, and his ran out in the open. Molandes is the only one of all the owners of goats in that territory who missed and could not find his billy goat. None of the other owners of goats is shown to have lost or missed any goat. The facts tend to show that neither of them had lost or missed any of their goats.

The court gave a very full charge submitting every issue in appellants' favor which was raised by the testimony. The jury believed the State's side and disbelieved that of appellant. We think it clear that the evidence was sufficient to sustain the verdict and we would not be authorized to set it aside.

The only other question necessary to notice is appellants' contention that Manchaca's admission or statement to Mr. Spradley was inadmissible because he was under arrest at the time, or believed he was under arrest. The court in qualifying his bill refers to the statement of facts on the question. We have carefully read it, and, in our opinion, it clearly shows that Manchaca was not under arrest at the time, and there is no testimony showing that he believed himself under arrest. Under all the authorities the court's action in admitting Mr. Spradley's testimony was correct. Hilcher v. State, 60 Texas Crim. Rep., 180; Elsworth v. State, 54 Texas Crim. Rep., 38; Craig v. State, 30 Texas Crim. Rep., 619; Hiles v. State, 73 Texas Crim. Rep., 22; Rice v. State, 77 Texas Crim. Rep., 617, 179 S. W. Rep., 876. It is unnecessary to cite the many other authorities to the same effect.

The judgment is affirmed.

*Affirmed.*