ALFRED HOLLINGSWORTH v. THE STATE.

No. 4531.  Decided December 5, 1917.

**1.—Incest—Argument of Counsel—Letter—Practice in District Court.**

Where, upon trial of incest, in which there had been a former trial and appeal to this court, and which was reversed partly on the error of the court below in permitting a certain letter written by prosecutrix to defendant to be introduced in evidence, and which was therefore not introduced in evidence in the instant case, it was reversible error to permit the district attorney in his closing argument to say to the jury, "Now suppose that said prosecutrix did answer said letter and said to him in answer to his letter," then reading from a paper lying before him on the table in the presence and sight of the jury a purported copy of said letter, supposed to have been written by the prosecutrix to the defendant, and which had not been offered in evidence and could not be introduced under the ruling of this court, and to which the defendant excepted in due form.  Prendergast, Judge, dissenting.

**2.—Same—Invited Argument—Rule Stated.**

If the argument of State's counsel was permissible under the rule of invited argument, that is, occasioned by an improper argument of counsel for defendant, no just complaint would arise, but this is not the case, and the State's counsel was not justified in detailing facts to the jury not in evidence and relevant to the case in making response to defendant's counsel, which was damaging in its effect, nor could he do so by legitimate inference or deduction from the evidence.  Following Vick v. State, 71 Texas Crim. Rep., 50, and other cases.  Prendergast, Judge, dissenting.

**3.—Same—Letters in Evidence—Relation of Parties.**

On trial of incest there was no reversible error in admitting in evidence the correspondence between the defendant and prosecutrix to show the intimate relation of the parties.

Vol. 82 Crim.-22

**4.—Same—Evidence—Other Acts of Sexual Intercourse.**

Where, upon trial of incest, the fact of sexual intercourse was a controverted one, there was no error in admitting in evidence a series of acts of sexual intercourse between the defendant and prosecutrix. Following Bradshaw v. State recently decided.

Appeal from the District Court of Coryell. Tried below before the Hon. J. H. Arnold.

Appeal from a conviction of incest; penalty, three years imprisonment in the penitentiary.

The facts of this case will be found in the former appeal, Hollingsworth v. State, 78 Texas Crim. Rep., 489, 182 S. W. Rep., 465.

No brief on file for appellant.

*E. B. Hendricks,* Assistant Attorney General, for the State.

MORROW, JUDGE.—Appellant was convicted of incest with Cassie Dunn, his niece. The act of intercourse was sharply controverted. Cassie Dunn, who was a member of the family of the appellant, on the trial testified that she gave birth to a child on the 29th day of October, 1914 That appellant was the father of the child. In her testimony it was developed that on the first trial of appellant she denied the intercourse with appellant and testified that Henry Dollins was the father of her child. That on the second trial she again denied intercourse with appellant, and denied that the other named by her on the first trial was the father of her child, and declined to state who was, and on the trial from which this appeal is prosecuted she testified as above stated to a series of acts of intercourse with appellant, and that he was her child's father. A number of letters were introduced in evidence written by Cassie Dunn to appellant, and letters written by the sister of Cassie Dunn to her, which letters were dictated by appellant. One of the letters so written or dictated by him bore date 22nd day of November, 1914. There was no reply to this letter introduced in evidence.

One of the bills of exception discloses the following procedure:

"While the district attorney was presenting to the jury his closing argument on behalf of the State, he used the following language and argument, towit:

"'Mr. Sadler stated to you in his argument that you might read all the letters written by Cassie Dunn to the defendant, and all the letters written by the defendant to Cassie Dunn in evidence before you, and you would not find in any of the letters where Cassie Dunn had, in answer to the defendant's request to know what was the matter with her, ever stated what was the matter with her or had ever told him that she had given birth to a child. Now, gentlemen, in the letter written by the defendant on November 22, 1914, the defendant said, "An I am the same fellow when you saw me last and I want to noe now Cassie,

you want to come home and I want to know what is the matter with you and just as soon as I get the news I will send you the money to come on and noebody never has read your letters and wont. Your pa has wrote some letters here and I want to noe if you are alright and I want to noe just what is the matter." And counsel for the defendant says that she never told the defendant what was the matter with her. Gentlemen of the jury, where did these letters come from? The letters written by Cassie Dunn to the defendant came from his possession. Have we all of the letters? Now suppose that on November 24, 1914, Cassie Dunn answered the letter of the defendant, and suppose she said to him in answer to that letter, 'I don't want to tell you a lie and I will not if the truth kills me. You know what you thought was the matter with me. It was so. It came the 29th of last month. It is a boy and alright. Has the bright eyes. I intend to bring it to Fort Worth to one of the rescue homes. You know it was nobody else but you, but I will die before I will tell it. I have told pa a story. Never told you any story. You may think I am not as good as I was. I know I am to blame for it. So you see what I wanted with the money. It was for Bailey. He charged me fifteen dollars, so you see that would be enough for me to go to Fort Worth. I can't help what pa write down there. He has done everything he can to get me to tell him. I'll die first. I told you I would not tell and I have not yet. Do as you like, cast me off if you want to but I'll never tell it. I spent my money for fruit and the rest for the boy some close for the boy and that is why I wanted you to come to meet me. I wanted you to see him. Don't let Fannie read this." Now, gentlemen, Cassie might have written such letter, if she did write such a letter, we haven't got that letter.' The defendant didn't give us that letter.' While the district attorney was giving the contents of this supposed letter, he had lying before him on the table, in the presnce and sight of the jury, purported copy of a letter supposed to have been written by Cassie Dunn to the defendant which had not been offered in evidence and which said copy had been held in a previous appeal of this case not to be admissible in evidence, and he was leaning over quoting from said purported copy in the presence and sight of the jury and quoted and repeated the language of the supposed letter as it was contained in the said purported copy which had not been introduced in evidence. Thereupon, counsel for the defendant, during the recital by the district attorney of the contents of said supposed letter, called the attention of the court to the fact that the district attorney was reading to the jury the contents of the said copy of the said supposed letter and objected thereto, and the court did not stop counsel for the State, but permitted said counsel to continue his statement and to read from said copy of said supposed letter to the jury, and to continue his said argument. And counsel for the defendant objected thereto and stated to the court that said copy was not in evidence, that counsel was out of the record, and was presenting to the jury evidence which had not been admitted under the

rulings of the court and was placing before the jury the contents of the copy of the supposed letter which had not been offered in evidence and which was not evidence before the jury."

After excepting to the refusal of the court to sustain an objection to the argument mentioned, the appellant in due time presented a special charge requesting that it be withdrawn. In qualifying the bill the court says: "It is proper to state that such argument was in reply to argu-. ment of the defendant's attorney and was inspired and incited by said argument. Furthermore, the letter first referred to in the bill was one written by the defendant and was introduced in evidence and before the jury and I considered it a elgitimate subject of comment. The letter so introduced was one of the letters brought into court by the defendant and filed by him in connection with his motion for new trial after his first conviction and claimed by him to be newly discovered evidence, and essential to his defense, as the record of this case on the first appeal will show." And further, that the district attorney did not claim that such letter had in fact been written, but stated that if such letter had been written he did not have it and no such letter had been brought into court by the defendant, and that it was not in the State's possession, and that in the opinion of the court the argument was not an unauthorized deduction or supposition.

The supposed letter copied in the bill is in the exact verbiage of the purported copy of a letter which was introduced in evidence by the State on a previous trial of this case, and which is copied in the report of the case in 182 S. W. Rep., 479, and which this court, in that case, held to be inadmissible. See opinion on motion for rehearing, Hollingsworth v. State, 182 S. W. Rep., 481. The reasons for excluding the letter are fully stated in the opinion mentioned. A comparison of the composition of the supposed letter with that of other letters of the witness, which were before the jury on this trial, develops a marked similarity.

If the argument of State's counsel was permissible under the rule of invited argument, that is, occasioned by an improper argument of counsel for the appellant, no just complaint can be founded upon it. Baker v. State, 4 Texas Crim. App., 229; Lubbock v. State, 66 Texas Crim. Rep., 309, 147 S. W. Rep., 258; Branch's Ann. P. C., p. 205, sec. 263, and cases cited. If, however, the argument of appellant's counsel was couched in proper terms and confined to the evidence adduced on the trial, the State's counsel would not be justified in detailing facts relevant to the case not in evidence in making his response. It appears from the record that the letter written by the appellant, dated the 22nd of November, 1914, and quoted in the bill, was introduced in evidence by the State as were the numerous other letters from the appellant and from Cassie Dunn in evidence. None of them, however, were in specific response to the letter from appellant quoted, and none of them informing appellant that the witness had given birth to a child. In stating that none of the letters in evidence answered the one from appellant

quoted, or told the appellant of the birth of the child, counsel for the appellant appears to have been within the record. On the former trial of the case a purported copy of the supposed letter from Cassie Dunn was proved by her and introduced in evidence. The receipt of it on that trial was denied by appellant. On the trial from which this appeal is prosecuted there is disclosed neither by the bill of exceptions nor statement of facts any evidence with reference to the supposed letter or copy thereof. There is a statement in Cassie Dunn's testimony that she identifies a paper as a copy of a letter which she wrote appellant, but the paper is not described or its contents given, nor was it introduced in evidence, nor offered in evidence so far as the record discloses. This is the only suggestion that we find in the entire record of any reference to the copy of any letter. It is manifest, therefore, that there is an entire absence of evidence that the witness Cassie Dunn wrote or sent or that appellant received the supposed letter mentioned in the bill of exceptions. The evidence in the case, as disclosed by the record, stands as though there had never been a claim that such a letter was or had been in existence. These being the circumstances, we fail to discern a foothold for the contention that appellant's counsel, by reciting and commenting upon the facts that were proved, invited the State to discuss facts which were not in evidence.

If the argument of the State's counsel was as suggested by the court a legitimate inference or deduction from the evidence, the complaint of it is without foundation. In evidence, as above stated, were numerous letters from the appellant and the witness, none of them constaining a statement that she had given birth to a child, or was about to do so, and, as before stated, there was an absence of suggestion of the existence of the supposed letter quoted in the bill. Do these facts justify an inference or deduction that the witness wrote and appellant received the supposed letter? If the inquiry in the letter from appellant justifies an inference or deduction that the witness replied to it, and that appellant received the reply, does it follow that the reply was within the terms quoted in the bill? We think these queries must be answered in the negative. Assuming them to be answered in the affirmative, the argument still bears the color of suggesting the further inference that appellant had received and suppressed the letter, and by this act deprived the State of the use of legitimate evidence. The evidence, however, was illegitimate under the ruling of this court in this case on the former hearing. 182 S. W. Rep., 479. Being illegitimate and inadmissible, its absence could not lawfully be used in argument as evidence of appellant's guilt. Millner v. State, 162 S. W. Rep., 355; Landers v. State, 63 S. W. Rep., 557. The jury doubtless believed from the argument, and not from the evidence adduced on the trial, that the witness Cassie Dunn had claimed to have written appellant a letter of the tenor of that quoted in the supposition; that the district attorney had before him a copy of this purported letter; that producing other letters in the correspondence between himself and Cassie Dunn appellant had

withheld and suppressed the one in question, and that but for this suppression it would be available to the State as evidence bearing upon appellant's guilt. That these new and damaging facts came to the knowledge of the jury by way of innuendo and not by direct statement does not neutralize their sting. However clothed, they bring to the jury facts not proved,—evidence not admissible which, entering into the verdict, destroys it. Bullington v. State, 78 Texas Crim. Rep., 187, 180 S. W. Rep., 679; Vick v. State, 71 Texas Crim. Rep., 50; Faulkner v. State, 189 S. W. Rep., 1077; Moran v. Baldi, 53 Atl., 307; Rudd v. Rounds, 25 Atl., 439. Nor does it allow the State, by argument, to give to the jury damaging evidence not proved on the trial. Branch's Ann. P. C., p. 205; Stephens v. State, 20 Texas Crim. App., 255; Jenkins v. State, 49 Texas Crim. Rep., 461; Rodriquez v. State, 58 Texas Crim. Rep., 275; Battle v. State, 53 Texas Crim. Rep., 202; Hatch v. State, 8 Texas Crim. App., 420; 38 Cyc., 1494-1496, subdiv. 14; Railway v. Harrington, 98 S. W. Rep., 653.

In Harris v. State, 72 Texas Crim. Rep., 120, after certain letters had been excluded in developing the evidence, the State's attorney said: "If we had been allowed to introduce these letters in evidence we would have shown his guilt," and this was held error so prejudicial that it could not have been cured by withdrawal by special charge.

The objections to the correspondence between the appellant and the witness Cassie Dunn, which was admitted in evidence were, we think, not well taken. This correspondence consisted of a number of letters written by Cassie Dunn to appellant, and letters written for the appellant by the sister of Cassie Dunn. They were not used to prove any recital of facts, but to show the intimate relation of the parties, and contained no statement of fact having an important bearing upon the case. There was evidence in the case to the effect that the denial by Cassie Dunn of intercourse with appellant on previous trials was influenced by solicitation of the appellant, and in view of this testimony and some other of a similar nature we regard the letters showing the relation of the parties were not subject to the objections. Some of the letters coming from appellant were not signed by him, and it appears in dictating them he dictated the substance rather than the details. The fact of intercourse was a controverted one, and we think the developments such as to render the evidence of a series of acts of intercourse admissible. Bradshaw v. State, recently decided.

Because we think there was prejudicial error in permitting and refusing to withdraw the statement made by the State's attorney in his argument, the judgment of the lower court is reversed and the cause remanded.

*Reversed and remanded.*

PRENDERGAST, JUDGE (dissenting).—The second sentence in Judge Morrow's opinion herein is: "The act of intercourse was sharply controverted." In this, I think, he is mistaken. On the con-

trary, the evidence, both positive and circumstantial, establishes the intercourse by appellant with his niece, without any shadow of doubt. He, and no other for him, denied it. He did not testify at all. He merely *pleaded* "Not guilty." Three juries of twelve fair and impartial men each time have three times found him guilty "beyond a reasonable doubt." An able, fair, experienced and upright judge has so held three times. There can be no doubt of his guilt in fact or in law.

The letter by appellant to Cassie Dunn, or copy of it, as proven up on the first trial, and copied in the opinion on the first appeal (179 S. W. Rep., 479) was clearly admissible as at first unanimously held in the original opinion, on that appeal, and as further demonstrated by authority and reason in my dissenting opinion on that appeal (179 S. W. Rep., 485 et seq.). Doubtless, in deference to the majority opinion finally on that appeal, that letter was not offered in evidence on this third trial. But even if it was not, the argument of the State's attorney in supposing such a letter does not present reversible error.

It was in direct response to, and invited by, appellant's attorney's argument and taunt of the State's attorney, as shown by the bill as given by Judge Morrow, in his opinion herein, and the State's attorney could well suppose, and so argue to the jury, that she wrote such a letter to him.

Justice, though long delayed, has been meted out to appellant herein, and this judgment should be affirmed, not reversed.