## Alfred Hollingsworth v. The State.

### No. 5265. Decided January 29, 1919.

### Rehearing granted April 23, 1919.

**1.—Incest—Bills of Exception—Practice on Appeal—Rehearing.**

Where it was shown, on motion for rehearing, that the time in which bills of exception were authorized to be filed was extended, the case will be heard on its merits.

**2.—Same—Evidence—Letter—Former Appeal.**

Where, upon trial of incest, it appeared from the record on appeal that this court held on a former appeal that a certain letter, written by the prosecutrix to the defendant, was inadmissible in evidence, it is unnecessary to again rule upon this point, and the judgment is reversed and the cause remanded, because said letter was again admitted in evidence. Following Hollingsworth v. State, 78 Texas Crim. Rep., 489, and other cases.

**3.—Same—Evidence—Declarations of Prosecutrix.**

On trial of incest, evidence by prosecutrix, given before the grand jury as to the declarations of prosecutrix, should not have been admitted, as the same was hearsay. Following Hollingsworth v. State, 78 Texas Crim. Rep., 489.

**4.—Same—Evidence—Declarations of Defendant—Charge of Court.**

Where, upon trial of incest, the exculpatory statement of the defendant was introduced in evidence, the court should have instructed the jury, as requested, that they could not use this statement as a criminative fact, unless the State disproved same, and he was entitled to an acquittal.

**5.—Same—Other Offense—Charge of Court—Accomplice.**

An accomplice cannot corroborate himself, and upon trial of incest the prosecutrix could not corroborate her testimony by other extraneous acts, and where the court's charge instructed the jury that they could consider said testimony only for the purpose of throwing light on the transaction, with which defendant is charged, the same was reversible error.

Appeal from the District Court of Coryell County. Tried below before the Hon. J. H. Arnold, judge.

Appeal from a conviction of incest; penalty five years imprisonment in the penitentiary.

The opinion states the case.

*D. W. Odell,* for appellant.

*E. A. Berry,* Assistant Attorney General, for the State.

DAVIDSON, PRESIDING JUDGE.—Appellant was convicted of incest, his punishment being assessed at five years confinement in the penitentiary.

Before court adjourned there was an order entered allowing sixty days to the defendant in which to file his bills of exception and statement of facts. Court adjourned the 24th of August, and the statement of facts and bills of exception, except two bills, were filed on November 8th. One bill bears no file mark. The Assistant Attorney General moves to strike from consideration all the bills of exception except that filed within the time, which is bill No. 1. Under the rules and the authorities the motion as to the bills of exception will have to be sustained. The decisions are quite numerous sustaining the above proposition. This, however, does not apply to the statement of facts. There would be ninety days allowed after the adjournment of the term of court in which to file the statement of facts. Redman v. State, 67 Texas Crim. Rep., 374; Romero v. State, 72 Texas Crim. Rep., 105. The bills of exception, in order to be considered, must have been filed within the sixty days allowed.

Bill No. 1 reserved exceptions to the action of the court admitting certain letters, which are not set out in the bill but referred to in the statement of facts. The judge qualifies this bill by stating these letters were held by this court on the last appeal, in an opinion written by Judge Morrow, to be admissible. It would be of no practical utility to discuss that matter.

It is further contended that the evidence is not sufficient for want of corroboration. The girl testifies to a case against appellant. We are of opinion that, taking all the circumstances as shown in this record, there is sufficient evidence tending to connect the defendant with the case testified by the prosecutrix.

As the case is presented by the record we find no reversible error, and the judgment is ordered to be affirmed.

*Affirmed.*

ON REHEARING.

April 23, 1919.

DAVIDSON, PRESIDING JUDGE.—On a former day of the term the judgment herein was affirmed without considerating the bills of exception. On motion for rehearing it is made to appear that the record omitted the order of the court·extending the time in which

bills of exception were authorized to be filed. The corrected record shows that the bills of exception were filed within the time permitted by the order of the court. They will be considered. The rehearing is granted, and the case considered upon its merits.

This case has been before this court on three previous occasions. The first appeal is reported in 78 Texas Crim. Rep., 489, the second in 80 Texas Crim. Rep., 299, and the third in 82 Texas Crim. Rep., 337. On the first appeal the judgment was, on rehearing, reversed, among other things, because the State was permitted to introduce in evidence a letter written by the prosecutrix Cassie Dunn to appellant. The letter was written on the 24th of November, 1914, from Callahan County, and directed to appellant in Coryell County. That letter is set out in the opinion on the first appeal. It is unnecessary to repeat it. This same letter was referred to in the opinion in 82 Texas Crim. Rep., 337, by Judge Morrow, and the ruling in the former appeal followed. The court was in error in this case in admitting that letter under former adjudications.

Another bill of exceptions was reserved to the introduction of the evidence of Cassie Dunn, prosecutrix, given before the grand jury, to be reproduced before the jury on this trial. Her statement to the grand jury was that she had had intercourse with some one whom she declined and refused to name. On her cross-examination on this trial she admitted that on the first trial (78 Texas Crim. Rep., 489) she testified that appellant did not have intercourse with her, but that another named party did. This was contrary to her testimony then being delivered. It thereby avoided her impeachment. Appellant introduced no evidence. This testimony could not corroborate her inasmuch as it exonerated defendant. Her testimony before the grand jury was hearsay and inadmissible.

Another bill of exceptions recites the testimony of appellant given before the grand jury. A proper predicate was shown. The substance of this statement was that the girl was his niece, that she left his house and went to her father's home in Callahan County; that he was unaware that she was pregnant, and never heard of it; that he did not know she had been having intercourse with any one. There is nothing in his statement that would connect him in any guilty way with the transaction. It in no way served to corroborate prosecutrix, but in fact was a denial of such relations. The State introduced no further testimony in regard to it. The court did not refer to this matter in his charge. Appellant took an exception to the charge in a timely manner because it did not instruct the jury that under those circumstances they could not use this as a criminative fact, and unless the State disproved these statements he was entitled to an acquittal. This statement of defendant was used by the State as original testimony. We are of opinion that the exception to the charge was also well taken.

There is another exception to the charge which is as follows: The defendant excepts and objects to the part and paragraph of the court's charge wherein the court charges the jury on other offenses than that charged in the indictment, and especially to that part of same where the jury is told that they will consider such testimony only for the purpose of throwing light on the transaction with which defendant is charged, the same being on the weight of the evidence, and that the effect of this charge is to cause the jury to believe other offenses were committed, and further cause them to believe such other offenses may be considered by them in determining whether or not the defendant committed the particular act resulting in the birth of prosecutrix's child, and because said evidence was inadmissible for the purpose stated by the court, and it was inadmissible for any purpose. The court's charge to which exception was taken is substantially that any act or acts of intercourse between defendant and Cassie Dunn other than that alleged to have been committed on the 29th of January, 1914, can be considered, if considered at all, only for the purpose for which it was admitted, that is, for whatever light, if any, it may shed upon the transaction for which the defendant is on trial, that is, the alleged act of intercourse on the 29th of January. What light this would throw upon that transaction is not explained by the court. If it was intended to shed light upon the trial of the case by using it as corroborative evidence of the accomplice to show by her statement that other acts occurred which would tend to prove the act on trial, the court was in error. The accomplice could not corroborate herself by proving any number of acts that she and defendant may have committed. Her testimony would be no stronger in regard to one act than as to the other, and as an accomplice, the law would compel her corroboration as to all such acts before the jury could consider them as testimony. The law is very clear and plain that she could not corroborate herself. The State, therefore could not prove the verity of her testimony, or corrobrate it as to the act of the 29th of January by proving by her that she and defendant had had other acts of intercourse. Again, the defendant did not attack her testimony by introducing evidence. The State attacked it by showing a denial by defendant before the grand jury, and defendant by proving by her that she had previously stated he was innocent. These extraneous acts about which she testified could not shed any light upon the guilt of the defendant, or authorize the jury to consider it for that purpose. The charge seems to have authorized the jury to consider it for no other purpose than to prove that he was guilty of the act charged on the 29th of January, 1914.

The affirmance is set aside, and the judgment is reversed and the cause remanded.

*Reversed and remanded.*