## BUDDY GATES v. THE STATE.

No. 7707. Decided October 10, 1923.

Rehearing denied November 14, 1923.

1.—Manufacturing Intoxicating Liquor—Requested Charge.

The instant case does not fall within the line of authorities cited by appellant, which hold it error for the court to fail to submit a defensive issue by evidence other than that of accused himself, although it may be somewhat antagonistic to the issue made by his own evidence.

2.—Same—Rehearing—Charge of Court—Defensive Theory.

An analysis of the facts will show that that portion of the main charge of the court complained of, and which was held sufficient in our former opinion, aptly presents the law of the defensive theory. The requested charge is not correct, and there was no reversible error in refusing same.

Appeal from the District Court of Falls. Tried below before the Honorable Prentice Oltorf.

Appeal from a conviction of manufacturing intoxicating liquor; penalty, one year imprisonment in the penitentiary.

The opinion states the case.

W. E. Rogers for appellant. Cited, Grant v. State, 143 S. W. Rep., 929, Robinson v. State, 160 id., 456; Christian v. State, 161 id., 101.

R. G. Storey, Assistant Attorney General, for the State.

HAWKINS, JUDGE.—Appellant stands convicted of manufacturing intoxicating liquor. His punishment is one year in the penitentiary.

The officers discovered a still in operation in a house. Appellant, Tom Green and a woman named Ophelia were present. The shades were pulled down over the windows. One of the officers looked through a break or slit in a shade and saw appellant dipping whisky from the bucket into which it dripped from the worm and pouring it through charcoal into a fruit jar. The woman was ironing. Green was standing by the table at which she was working. Several gallons of whisky in various receptacles and some mash were found. All three of the negroes were arrested. While the officers were conveying them to jail Ophelia and Green jumped out of the car and made their escape. The house in which the whisky was being made belonged to a negro who had been gone for some time. Appellant told one of the officers that he (appellant) had charge of the house. The defensive testimony was to the effect that the owner had rented

the house to Ophelia. Appellant denied any previous knowledge of the still; explained his action in handling the whisky by claiming he was only pouring some in a glass to drink, and accounted for his presence at the house by saying he had agreed to sit up that night with a sick kinswoman of one Gertrude Milo, and that the latter had requested him to meet her at Ophelia's.

Upon the defensive issues thus raised the court instructed the jury as follows:

"If you believe from the evidence that the defendant went to the house where the still and liquor in evidence were found to wait for the witness Gertrude Milo, and that he was present while such liquor or part of same was being made, if you believe same was so being made, or where said liquor was located, and that the defendant took a drink of said liquor, but that the defendant did not manufacture nor help or participate in the manufacture of any of said liquor, or if you have a reasonable doubt as to whether or not the defendant manufactured or helped or participated in any way in the process of manufacturing any of said liquor, then you will acquit him."

It is urged by appellant that the charge given by the court upon this issue was too restrictive and failed to submit defensive issues raised by evidence other than appellant's own. We have examined the statement of facts carefully with reference to this contention and are of the opinion that this case does not fall within the line of authorities cited by appellant which hold it error for the court to fail to submit a defensive issue raised by evidence other than that of accused himself, although it may be somewhat antagonistic to the issue made by his own evidence. The defensive issue in the instant case made by appellant's testimony is in accord with the testimony of other defense witnesses.

We believe appellant's contention to be without merit and that the charge given fully protected his rights.

There being no error in the record, the judgment is affirmed.

*Affirmed.*

ON REHEARING.

November 14, 1923.

LATTIMORE, JUDGE.—The only contention made by appellant in support of his motion is that we erred in holding that part of the charge of the learned trial judge set out in our opinion to be a sufficient and correct presentation of the law applicable to the defensive theory. In this connection appellant also insists that a special charge which was refused more amply and correctly pre-

sented such theory. Reference to the facts before the court reveal that appellant said that he was present at the time the officers came into the place where the liquor was in process of manufacture, but that the only thing he had done was to take a drink of said liquor, that he had in no way participated in the manufacture of same. Analysis of these facts will show that portion of the main charge complained of and which was held sufficient in our former opinion, aptly presents the law of said defensive facts. The special charge is not correct because it combines the facts of presence of the appellant with acts which might be construed by the jury to make him a participant in the manufacture and seeks to have the jury told that these facts would not be sufficient to support a conviction. The special charge was on the weight of the evidence.

Being unable to agree with appellant's contention, his motion for rehearing will be overruled.

*Overruled.*