STONEWALL CARLILE v. THE STATE.

No. 7268.   Decided November 21, 1923.

**1.—Murder—Provoking Difficulty—Charge of Court.**

Where, upon trial of murder, the evidence showed that when defendant fired the first shot, deceased was in the act of shooting him or that the actions of the deceased were such as to justify defendant in a reasonable apprehension that he was about to be shot by the deceased, etc., the charge of the court on provoking the difficulty was error.

**2.—Same—Provoking Difficulty—Rule Stated.**

To justify a charge on the law of provoking the difficulty there must be evidence that the accused willingly and knowingly used some language or did some act after meeting his adversary reasonably calculated to lead to an affray or deadly conflict; otherwise the right of self-defense would not thereby be forfeited. Following Roberson v. State, 83 Texas Crim. Rep., 244.

**3.—Same—Provoking the Difficulty—Beginning Difficulty.**

If the State's theory that the defendant at the time when he was neither attacked nor threatened with an assault but inspired by malice fired at the deceased in an effort to kill him was true, he began the difficulty, and if

this continued and culminated in the killing of the deceased the law of provoking the difficulty would have no place.

**4.—Same—Provoking Difficulty—Self-defense—Abandoning Difficulty.**

If the defendant fired the first shot with malice and without provocation and afterwards with the knowledge of the deceased abandoned the conflict and was later without provocation attacked by the deceased, etc., the perfect right of self-defense would not be forfeited by reason of the previous encounter. Following Cox v. State, 57 Texas Crim. Rep., 427, and other cases.

**5.—Same—Imperfect Self-defense—Rule Stated.**

The so-called law of imperfect self-defense is difficult to define; it seems blended with that phase of the law of provoking the difficulty which deals with the homicide resulting from a conflict intentionally brought on by the accused with no intent to kill, but with the design only to inflict some milder punishment; and while culpable the right of self-defense though imperfect would obtain. Following Casey v. State, 50 Texas Crim. Rep., 392.

**6.—Same—Words and Phrases—Imperfect Self-defense.**

The unguarded use of the words "his own wrongful act" has brought some confusion in the decisions concerning the distinction between the law of provoking the difficulty and that of the so-called imperfect self-defense. As often the wrongful act is done without intent to kill. Following Reed v. State, 11 Texas Crim. App., 517, and other cases.

**7.—Same—Charge of Court—Self-defense—Abandonment of Difficulty.**

On another trial, under like evidence, the issues of murder, manslaughter, self-defense, and abandonment of the conflict should be submitted in appropriate language to the jury, but the charge on self-defense should not be qualified by one on provoking the difficulty, or imperfect self-defense.

**8.—Same—Change of Venue—Practice on Appeal.**

The disposition made of the present appeal renders it unnecessary to review the evidence adduced upon appellant's motion for a change of venue; if it be improbable that an impartial jury can be impanelled a change of venue should not be denied under the procedure provided for by law. Following Cox v. State, 90 Texas Crim. Rep., 106.

**9.—Same—Practice in Trial Court—Practice on Appeal.**

Questions of practice for review are such as will not probably develop upon another trial, or such as have been decided adversely to appellant.

Appeal from the District Court of Cass. Tried below before the Honorable R. T. Wilkinson.

Appeal from a conviction of murder; penalty, ten years imprisonment in the penitentiary.

*Beavers & Mansell,* and *C. C. Hines,* for appellant. On question of change of venue, Randle v. State, 28 S. W. Rep., 953; Barnes v. State, 59 id., 882; Streight v. State, 138 id., 742.

On question of provoking the difficulty, Grayson v. State, 57 S. W. Rep., 809; White v. State, 62 id., 575; Ervin v. State, 155 id., 611;

Thomas v. State, 160 id., 71; Humphrey v. State, 165 id., 589; Roberson v. State, 203. id., 349.

On question of self-defense, Wills v. State, 222 S. W. Rep., 969; Renow v. State, 92 id., 801; Kelly v. State, 151 id., 304.

*R. G. Storey,* Assistant Attorney General, for the State. On question of venue, Carlile v. State, 90 Texas Crim. Rep., 1; Parker v. State, 239 S. W. Rep., 943.

On question of provoking difficulty, Sorrell v. State, 169 S. W. Rep., 299; Hallman v. State, 87 Texas Crim. Rep., 572; and cases cited in opinion.

MORROW, PRESIDING JUDGE.—The offense is murder; punishment fixed at confinement in the penitentiary for a period of ten years.

A recital of most of the salient facts is contained in the opinion on the former appeal. See 90 Texas Crim. Rep., 1.

Lance and the appellant were enemies. They lived in the country, but on the occasion of the homicide were in the county seat. Lance, after getting his shotgun from Copes' jewelry store, went into the alley separating the store from the Howe building. While in that alley he was fired upon by appellant, who, with his wife and son, was across the street about one hundred feet distant at a point near Ellington's store. The shot missed its mark and Lance went into Copes' store, and a short time thereafter, with his gun in his hand, he walked towards the point at which appellant was standing, this being the same point from which the shot was fired. On observing him, appellant went into Ellington's store, and upon the arrival of the deceased at a point on the sidewalk immediately in front of that store, he was shot and killed by the appellant.

Complaint is made of that part of the charge of the court which submitted to the jury the theory of provoking the difficulty as a reason for rejecting appellant's plea of self-defense, or of limiting it to imperfect self-defense. There was evidence from which the jury might have decided that when appellant fired the first shot, deceased was in the act of shooting the appellant from the alley in which he stood; at least, that the actions of the deceased at that time were such as to justify appellant in a reasonable apprehension that he was about to be shot by the deceased.

The evidence also suggests the theory that at the time he fired the first shot he was in no danger from the deceased, either real or apparent.

The evidence presents the theory that after the first shot had been fired, appellant abandoned the conflict and that the deceased, with hostile intent, sought the appellant; that observing the approach of the deceased, appellant retreated into Ellington's store and that as deceased was about to follow him into that store with the gun ready

in his hands, appellant fired the fatal shot under a reasonable apprehension of death at the hands of the deceased.

The theory also arises that the deceased at the time of the firing of the fatal shot was not attempting to pursue the appellant but was in the act of passing the store in which appellant was standing and that his conduct justified no other inference on appellant's part.

The theory presented by the charge on provoking the difficulty was in substance that in firing at the deceased while near Copes' store, appellant provoked the deceased to make the subsequent attack in which he lost his life. The record reveals no evidence making doubtful the intent of the appellant to kill the deceased when the first shot was fired. An effort was made to justify the act on the ground that the deceased was armed at the time and was about to shoot the appellant. Having reference to that time, the question of fact was, who began the difficulty and not who provoked it. The distinction has often been noted. See Sanchez v. State, 69 Texas Crim. Rep., 134. To render appropriate a charge on the law of provoking the difficulty, there must be evidence that "the accused willingly and knowingly used some language or did some act after meeting his adversary reasonably calculated to lead to an affray or deadly conflict, and unless such act was reasonably calculated and intended to have such effect, the right of self-defense would not thereby be forfeited." Ruling Case Law, Vol. 13, p. 833, sec. 137; Roberson v. State, 83 Texas Crim. Rep., 244, and cases cited therein.

If the State's theory that the appellant, at a time when he was neither attacked nor threatened with an assault but inspired by malice, fired at the deceased in an effort to kill him was true, he began the difficulty. If the difficulty thus begun continued and culminated in the killing of the deceased, the law of provoking the difficulty would have no place. If the appellant fired the first shot with malice and without provocation and afterwards with the knowledge of deceased, abandoned the conflict and was later, without provocation, attacked by the deceased under conditions making it reasonably apparent to the appellant that the deceased was about to kill him, the perfect right of self-defense would not be forfeited by reason of the previous encounter. Cox v. State, 57 Texas Crim. Aep., 427; 26 L. R. A. (N. S.), Vol. 13, p. 621; Ruling Case Law, Vol. 13, p. 834, sec. 138, note 5, and Texas cases there collated; also page 802, sec. 137, notes 7 and 8.

On the former appeal, while this case was reversed upon other grounds, it was stated that the facts did not warrant a charge on the law of provoking the difficulty. In substance, the charge given in the present trial is not different from that on the former trial as it relates to the subject of provoking the difficulty both with intent to kill and to do lesser harm and to bringing on the occasion by the

wrongful act of the accused. In the opinion on the former appeal, there is an intimation that the theory of imperfect self-defense might arise from the evidence in the case. On further reflection, it is believed that such is not the case. The so-called law of imperfect self-defense is difficult to define. It seems blended with that phase of the law of provoking the difficulty which deals with the homicide resulting from a conflict intentionally brought on by the accused with no intent to kill but with the design only to inflict some milder punishment. In such a case the homicide is culpable but the right of self-defense is imperfect and operates only to reduce the grade of the offense. Casey v. State, 50 Texas Crim. Rep., 392; Young v. State, 40 Texas Crim. Rep.; 442.

Another phase of the imperfect right of self-defense is thus stated:

"Whenever a party by *his own wrongful act* produces a condition of things wherein it becomes necessary for his own safety that he should take life or do serious bodily harm, then indeed the law wisely imputes to him his own wrong and its consequences to the extent that they may and should be considered in determining the grade of offense which but for such acts would never have been occasioned." (Reed v. State, 11 Texas Crim. App. 517.)

The language quoted is taken from a case in which Reed was discovered in the act of adultery with the wife of the man killed. While under those circumstances the statute justified the husband in killing Reed, yet if Reed, in defense of his own life killed the husband, his offense would not be murder but manslaughter. The unguarded use of the words, "his own wrongful act" has brought some confusion concerning the distinction between the law of provoking the difficulty and that of the so-called imperfect self-defense. An attack such as, according to the State's evidence, the appellant made in the first instance upon the deceased in the present case was "his own wrongful act." It, however, began the difficulty. Often the wrongful act is one which is done without any intent to kill but which in its nature is calculated to and does bring on an attack in which the assailant is killed by the original wrong-doer to protect his own life, in which case his right of self-defense is impaired but not necessarily destroyed. Reed's case, *supra*, is an example. Other cases are found in Branch's Crim. Law., sec. 463. Among them are Peter v. State, 23 Texas Crim. App. 687; Carter v. State, 30 Texas Crim. App. 551; Polk v. State, 30 Texas Crim. Rep., 657; Franklin v. State, 30 Texas Crim. App., 628; Franklin v. State, 34 Texas Crim. Rep., 287; Arto v. State, 19 Texas Crim. App., 136; King v. State, 13 Texas Crim. App., 284.

On another trial under like evidence, the issues of murder, manslaughter, self-defense and abandonment of the conflict should be submitted in appropriate language to the jury, but the charge on

self-defense should not be qualified by one on provoking the difficulty or imperfect self-defense.

The disposition made of the present appeal renders it unnecessary to review the evidence adduced upon appellant's motion for a change of venue. The statute fixes the measure of the court's duty upon an application for a change of venue, namely, to grant the motion where, upon the uncontroverted motion or upon the evidence adduced, it is made to appear that there exists in the county "so great a prejudice against the appellant that he cannot obtain a fair and impartial trial." Code of Crim. Proc., Art. 628. The burden is upon the appellant to prove the existence of such prejudice, and where evidence is heard, the issue is to be determined by the trial court. The discretion is upon the trial court to weigh the evidence and if from it there arises two conflicting theories, the trial court has the discretion to adopt either. In the absence of the abuse of this discretion, the judgment will not be disturbed on appeal. If, however, the evidence is such that it leads to the conclusion that the bias, prejudice or prejudgment of appellant or his case is such as renders it improbable that a fair and impartial trial can be given him, the trial court is without discretion to refuse the application. Dobbs v. State, 51 Texas Crim. Rep., 632. Injury is shown when it is made evident that under the procedure provided by law it is improbable that an impartial jury can be impaneled to determine the guilt of the accused and a change of venue is denied. Barnes v. State, 59 S. W. Rep., 883; Randle v. State, 34 Texas Crim. Rep., 59; Cox v. State, 90 Texas Crim. Rep., 106, and cases cited.

The other questions of practice presented for review appear to be such as will not probably develop upon another trial or such as have been decided adverse to the appellant upon the former appeal, which decision, unless clearly wrong, should prevail. Cyc. of Law & Proc., Vol. 11, p. 757; English v. State, 87 Texas Crim. Rep., 507; Hollingsworth v. State, 85 Texas Crim. Rep., 248; Vernon's Tex. Crim. Stat., Vol. 2, p. 902, note 11.

The errors pointed out require a reversal of the judgment, and it is so ordered.

*Reversed and remanded.*