### J. R. MOORE v. THE STATE.

#### No. 8329.   Decided February 13, 1924.

1.—Murder—Provoking Difficulty—Charge of Court—Self-Defense—Carrying Pistol.

Where, upon trial of murder, the evidence raised the issue of provoking the difficulty, the court was justified in instructing upon that phase of the law as a limitation upon the law of self-defense.   However, the court was not warranted in refusing to instruct the jury that the appellant had the right to carry a pistol upon his own premises and that the fact that he had a pistol would not deprive him of the right of self-defense.   Following Stanley v. State, 81 Texas Crim. Rep., 32, and other cases.

2.—Same—Charge of Court—Provoking Difficulty.

While the court's charge in instructing the jury on provoking the difficulty as applied to the facts of the instant case was according to precedent, yet in paragraph 12 of the charge, embracing a general statement of the law on provoking difficulties, while not reversible error should have been omitted.

3.—Same—Confession—Warning.

The criticism of the verbiage in which the warning to defendant is couched is deemed without merit, while the language is not exactly that embraced in article 810 C. C. P., in substance, it is the same.

4.—Same—Bills of Exceptions—Practice on Appeal.

Where some very meager bills of exception to the ruling of the court in the admission of evidence present no error, and other matters will not likely occur upon another trial, there is no reversible error.

Appeal from the District Court of Hopkins.   Tried below before the Honorable Geo. B. Hall.

Appeal from a conviction of murder; penalty, ninety-nine years imprisonment in the penitentiary.

The opinion states the case.

*Dial, Melson, Davidson & Brim,* for appellant.—On question of provoking difficulty: Mason v. State, 228 S. W. Rep., 952.

*Tom Garrard* and *Grover C. Morris,* Assistants Attorney General, for the State.

MORROW, PRESIDING JUDGE.—The conviction is for the murder of Berry Roberts by shooting him with a pistol.

Appellant and deceased resided upon neighboring farms. They had a quarrel about the location of appellant's fence along the community road which passed his premises. This took place a few weeks before the homicide. There was evidence that the deceased had made hostile declarations and threats to do the appellant violence. Some of these, according to appellant's testimony, were communicated to him, and he also gave evidence of various specific acts of violence upon the part of the deceased against other persons. There were no eye-witnesses save the appellant. According to his testimony, he put his pistol in a scabbard on his person with the view of seeing the deceased some time during the day and discussing with him their differences. Appellant went upon his farm and was doing some work when he observed the deceased approaching the community road, riding in his wagon. What then happened is thus described by the appellant:

"When I saw him I laid my fork down and started to the road in the direction of the post and he was driving in that direction. I was on my own premises all this time. I went to the corner. He was sitting in a hack on a very small box and driving in an easterly direction. When I got to the post I asked him why he was telling those damned lies about this road on me and he said, 'I haven't done it,' and I told him he had, and started to give an explanation and he turned to me and says, 'You are a God damned liar,' and dropped his lines with his right hand and throwed his hand behind him. I was standing with my hand on the post talking with him and as he did that I pulled my six shooter up shooting and fired three shots."

We think the evidence justified the learned trial judge in instructing upon the law of provoking the difficulty as a limitation upon the law of self-defense. Appellant began the conversation with the deceased by the use of language which the jury might have deemed to be reasonably calculated to provoke the deceased and bring on a conflict; and it cannot be said, as a matter of law, that the language and conduct of the appellant was not with such an intent. Having placed

such limitation upon the right of self-defense, however, the court was not warranted in refusing to instruct the jury that the appellant had the right to carry a pistol upon his own premises and that the fact that he had a pistol would not deprive him of the right of self-defense. The precedents are uniform to this effect. See Stanley v. State, 81 Texas Crim. Rep., 32; Alexander v. State, 255 S. W. Rep., 409; Robertson v. State, 203 S. W. Rep., 354. This omission in the charge was called to the attention of the trial court both by exception to the main charge and by a requested special charge.

The court, in paragraph 13 and 13a in instructing the jury on provoking the difficlty as applied to the facts of the present case, chose language which, so far as we are able to discern, was well adapted to the purpose intended and quite in accord with the approved precedents. None of the faults pointed out in Mason's case, 88 Texas Crim. Rep., 642, 228 S. W. Rep., 952, to which the appellant refers, have been perceived.

In paragraph 12 of the charge the court embraces a general statement touching the principles controlling the law of provoking the difficulty, the necessity for which is not apparent, and the effect of which might be misleading. From it this paragraph is quoted:

"You are further instructed as a part of the law in this case and as a qualification of the law of self-defense that if a person by his own wilful and wrongful act brings about the necessity of taking the life of another to prevent being killed himself, he cannot say or claim that such killing was in his own necessary self-defense; but the killing will be in such case imputed to malice by reason of the wrongful act which brought it about or malice from which it was done."

This phase of the charge is adverted to not as a reason for reversing the cause but as an indication of the view of this court that upon another trial this abstract statement should be omitted. See Carlile v. State, 95 Texas Crim. Rep., 37, 255 S. W. Rep., 991.

From the appellant's confession, this is quoted:

"I make this statement after being warned by the said Emmett Thornton, County Attorney of the County and State aforesaid, that I do not have to make this or any other statement concerning said killing of Berry Roberts and that any statement by me may be used in evidence against me upon any trial for the offense of murder concerning which I am voluntarily making a statement and that this statement can not be used in evidence for me."

The criticism of the verbiage in which the warning is couched is deemed without merit. The language is not exactly that embraced in Article 810, C. C. P., but in substance it is the same.

Some very meagre bills of exception relate to the rulings of the court in the admission of evidence. From them no error is perceived.

The other matters complained of are such as are not likely to occur upon another trial.

The State's counsel concedes that because of the error of the court in failing to inform the jury in connection with his charge on provoking the difficulty that the appellant's possession of a pistol upon his own premises would not deprive him of the right of self-defense, the judgment should be reversed and the cause remanded. Such is the order.

*Reversed and remanded.*