ROY WEAVER v. THE STATE.

No. 11849.   Delivered April 3, 1929.
Rehearing granted May 22, 1929.

C. C. *McKinney* of Cooper, *R. E. Eubank* of Paris, *H. O. Norwood,* of Greenville and *Ben D. Clower* of Cooper, for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

MARTIN, JUDGE.—The transcript in this case shows to have been applied for, received and forwarded by appellant's attorney. The transcript can only be forwarded to this Court by the Clerk of the Court below, under the terms of Art. 843, C. C. P. (1925). Under frequent decisions of this Court we cannot consider the transcript. Pilot v. State, 38 Tex. Crim. Rep. 515; Lowery v. State, 92 Tex. Crim. Rep. 311, and authorities there collated.

The appeal is dismissed.

*Dismissed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

MARTIN, JUDGE.—Transcript having been properly forwarded, appellant's motion to reinstate the appeal is granted.

Offense, burglary; penalty, two years.

On the night of January 10, 1927, a house belonging to Shipman Brothers in Pecan Gap was burglarized and a large quantity of furs taken therefrom. Thereafter local fur dealers nearby bought furs from a man going under the name of Davis and known also as

Naylor, who was acccompanied at the time by appellant. Some of these furs found their way back to Shipman Brothers, who identified them as being in their house on the night of the burglary, and as missing the next day. The State introduced testimony showing the presence of appellant and Davis in the vicinity of the burglary at about the time of its commission, of their movements under somewhat suspicious circumstances, and of their possession of a considerable amount of money thereafter. Appellant's theory of the case and his evidence tended to show he was employed by Davis to drive his, Davis', car, in which the stolen furs are shown to have been conveyed to the purchasers. He admitted his presence with Davis the afternoon before the burglary, as well also as his presence with Davis at the time furs were sold to dealers in adjoining counties. He claimed, however, that he did not participate in any burglary and was not present at and did not know of same; that he left Davis at about four o'clock in the afternoon before the burglary happened that night in Paris and did not see him again until about eleven or twelve that night, at which time Davis employed him to drive his car and he did drive his car to the points testified to by the State's witnesses, where some of the furs in question were sold.

The State relied on circumstantial evidence, depending mainly upon the recent possession of Davis and appellant of the furs shown to have come from the burglarized premises. The Court authorized a conviction upon the theory that Davis made the burglarious entry and that appellant was present and aided him. He did not charge the converse, nor did he charge on appellant's theory that his only connection with the stolen property was in driving the car in which same had been placed, as an employee of Davis.

Appellant was indicted as a principal and under such an indictment he could not be convicted upon testimony showing either that he was an accomplice, an accessory, or a receiver of stolen property. Bean v. State, 17 Tex. Crim. App. 60; Silvas v. State, 159 S. W. 223; Golden v. State, 18 Tex. Crim. App. 637; Menefee v. State, 149 S. W. 141.

The rule has been aptly stated as follows:

"If the defendant in a felony case is indicted as a principal only and there is evidence that he was not present when the offense was committed, he is entitled to have the jury affirmatively instructed that they cannot convict him on proof that he was either an accomplice or accessory or both, or that he was a receiver of stolen property when indicted only for theft." Branch's P. C., Sec. 682.

We think the rule stated is applicable to the instant case. The jury may have concluded in this case that the appellant though not present when the burglary was committed, knew when he drove the car for Davis that the furs then in possession of Davis were stolen from the burglarized premises and that appellant received part of the proceeds from the sale of same, and convicted him upon this theory. This they could not legally do under the indictment in the instant case. Appellant's evidence raised this issue and it should have, in an appropriate manner, been affirmatively submitted to the jury. We deem the special charges requested by appellant on this theory as sufficiently specific to call the trial court's attention to this defect in his charge. It has been uniformly held throughout the history of this Court that an accused could not be convicted under an indictment charging him as a principal when the proof showed only that his guilty connection with the offense was that of an accomplice or an accessory. Truitt v. State, 8 Tex. Crim. App. 148; Cook v. State, 14 Tex. Crim. App. 96; Hest v. State, 104 Tex. Crim. Rep. 46.

Motion was made to quash the indictment herein because same did not upon its face designate the district court to which it was presented and returned. It is alleged in support of the motion that Art. 199, Subdivision 8, R. S. 1925, creates two district courts for Delta County, namely the Eighth and the Sixty-second, with the provision "that the judge of the Sixty-second Judicial District shall never impanel the grand jury in said court in the counties of Lamar, Hunt and Delta, unless in his judgment he thinks it necessary." Because there are two district courts and only one is unqualifiedly given the right to impanel grand juries, it is contended that the indictment should affirmatively show on its face whether it was presented in the Eighth Judicial District Court or the Sixty-second Judicial District Court. An order of the Eighth Judicial District Court of Delta County appears in the transcript showing that the indictment in this case was presented therein. This is sufficient. However, aside from this, in the absence of a showing to the contrary, we would presume in support of the validity of the indictment that the conditions existed which authorized its return into the court in which it was filed. We indulge no presumptions against the validity of the acts of district courts where the acts in question are, as in this case, within the power conferred upon them by statute.

By Bills of Exception 2, 3 and 4 complaint is made of the failure of the court to strike out testimony of identification of appellant

made by certain witnesses while he was in jail and of certain acts and conduct which happened at the time of his identification in jail. If we comprehend these bills, they show that all this testimony was brought out on cross-examination by appellant. The appellant could not bring same out and then predicate error upon the refusal of the court to strike it from the consideration of the jury. Bruce v. State, 31 Tex. Crim. Rep. 590. The Bruce case, supra, is authority for the proposition that such evidence is originally admissible, but has since been expressly overruled upon this point. Reddick v. State, 35 Tex. Crim. Rep. 463.. However, it is still authority upon the above proposition.

We do not deem it necessary to discuss all the bills found in the record. The error first discussed is the only one shown in the record which in our opinion has merit.

The judgment is reversed and cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.