ELZIE CROWLEY v. THE STATE.

No. 13698.   Delivered November 26, 1931.
Rehearing Denied February 18, 1931.

The opinion states the case.

*B. Jay Jackson,* of Cleburne, for appellant.

*Penn. J. Jackson,* County Attorney, of Cleburne, and *Lloyd W. Davidson,* State's· Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is murder; the punishment, connement in the penitentiary for twenty-five years.

Appellant and deceased, Dick Anderson, resided upon neighboring farms. Deceased and appellant's father-in-law, with whom appellant resided, were unfriendly. There was evidence on the part of appellant that deceased had made hostile declarations and threats to do appellant violence. On the occasion of the homicide, deceased and his small boy had gone into deceased's field after a cow. Deceased was unarmed. Appellant, his wife, mother-in-law, and others were in their house nearby. According to the version of the State, upon seeing deceased, appellant came out on his porch and hollered: "Yonder is old Dick, the little short d-s- of a b-." Deceased entered a lane which was near appellant's house. One of the children of deceased testified that appellant was "just calling papa (Dick Anderson) everything he could lay his tongue to." Procuring a gun, appellant ran toward deceased. At this point we quote the testimony of a witness for the State:

"As Elzie was running down there with the gun he was cussing papa and trying to make him run. My father told Elzie that he did not come there running. Elzie said: 'You s-of-a-b- run.'' Papa said he didn't come there running and he wasn't going to leave running."

It was further in evidence that just before appellant shot deceased he said: "You blare up that road you cowardly s-of-a-b-." At the time the fatal shot was fired deceased was behind his daughter, who had come to the scene of the difficulty. She was severely wounded. Deceased was instantly killed.

Appellant and his witnesses testified that deceased applied vile epithets to appellant's wife and mother-in-law. Appellant said that he approached deceased with the shotgun for the purpose of whipping him; that when he got within about twenty feet of deceased, deceased made a movement to a hip pocket with one of his hands; that deceased said: "You are going to have to "shoot, you G- d-d s-of-a-b-"; that believing deceased was going to shoot him, he fired the fatal shot. He further said: "I went down there to have trouble with Dick Anderson. I went down there to whip him (to beat the devil out of him."

According to the testimony of the State, after deceased had fallen to the ground, appellant attempted to jump on him with his feet. The wife and children of deceased interfered and appellant struck one of the girls with his fist. Appellant denied that he was guilty of the conduct ascribed to him by the witnesses.

It appears from bill of exception No. 18, as qualified by the court, that in answer to the contention made by appellant that his general reputation for being peaceable and law-abiding was good, the State had offered witnesses who entertained the opinion that his reputation in the respect mentioned was bad. In cross-examining one of these witnesses,

appellant's counsel went into detail about the bad things appellant had done. In response to questions by appellant's counsel, the witness testified to having seen appellant near a whisky still with some other parties. The witness hesitated when asked to give the details of the transaction, and advised appellant's counsel that he could not answer his question without telling the whole thing. He then said: "Do you want me to answer the question you asked me?" Appellant's counsel replied: "Yes go ahead." After the witness had given the details of the transaction, appellant requested the court to withdraw his testimony from the consideration of the jury. The court overruled the objection. As shown by the bill of exception, all of the testimony of which complaint is made was brought out on cross-examination by appellant's counsel. An accused may not bring out objectionable testimony and then predicate error upon the refusal of the court to strike it from the consideration of the jury. Bruce v. State, 31 Texas Crim. Rep., 590, 21 S. W., 681; Weaver v. State, 112 Texas Crim. Rep., 546, 17 S. W. (2d) 1066.

Bills of exception Nos. 5 and 6 relate to remarks in argument to the jury by the district attorney. Each of said bills is qualified with the statement by the court that appellant's counsel made no objection to the argument in open court. This court has committed itself to the proposition that ordinarily objections to argument must be made at the time it occurred in order that the attorney making may, if he sees fit, withdraw or explain it. In Sears v. State, 106 Texas Crim. Rep., 219, 291 S. W., 547, this court said: "Unless objection to argument is called to the court's attention at the time the objectionable statements are made, they can not ordinarily be taken advantage of by later complaints." In the present case it appears that the matter was not called to the court's attention until motion for a new trial was filed. No bills of exception were taken at the time the argument was made. In Blackwell v. State, 107 Texas Crim. Rep., 63, 294 S. W., 854, the court said: "This bill further discloses that the court's attention was not called to the argument, nor any bills of exception taken thereto, at the time it was made, but that the court's attention was called to same after all the argument was over." It was held that the bill was not sufficient. Salinas v. State, 113 Texas Crim. Rep., 142, 18 S. W. (2d) 663; Harris v. State, 93 Texas Crim. Rep., 544, 249 S. W., 485; Simmons v. State, 93 Texas Crim. Rep., 421, 248 S. W., 392; Hicks v. State, 97 Texas Crim. Rep., 373, 261 S. W., 579; Ross v. State, 102 Texas Crim. Rep., 364, 277 S. W., 667.

The trial judge instructed the jury upon the law of provoking the difficulty as a limitation upon the law of self-defense. Appellant objected to the charge on the theory that the testimony failed to raise the issue. To render appropriate a charge on the law of provoking the difficulty, there must be evidence that "the accused willingly and knowingly used

some language or did some act after meeting his adversary reasonably calculated to lead to affray or deadly conflict, and unless such act was reasonably calculated and intended to have such effect, the right of self-defense would not thereby be forfeited." 13 Ruling Case Law, page 833, section 137; Roberson v. State, 83 Texas Crim. Rep., 244, 203 S. W., 349, and cases cited therein; Carlisle v. State, 96 Texas Crim. Rep., 37, 255 S. W., 990. Appellant began the conversation with the deceased by the use of language which the jury might have deemed to be reasonably calculated to provoke the deceased and bring on a conflict. In approaching deceased, according to the version of the State, he continued to abuse and curse him, and ordered him to run up the road. We think the evidence justified the learned trial judge in instructing upon the law of provoking the difficulty as a limitation upon appellant's right of self-defense. Moore v. State, 96 Texas Crim. Rep., 493, 258 S. W., 476.

Having placed such limitation upon the right of self-defense, it was incumbent upon the trial court to submit an instruction covering the converse of provoking the difficulty. Branch's Annotated Penal Code, Section 1958. It is appellant's contention, as pointed out in his objections to the court's charge, that the court failed to charge such converse. It is observed that the court instructed the jury, in substance, that appellant's plea of self-defense would not be abridged and should be considered without reference to the law on the subject of provoking the difficulty if appellant did no act to provoke a difficulty and used no words calculated to provoke a difficulty. The doctrine of reasonable doubt was applied to this charge. Moreover, the court instructed the jury that if they believed appellant provoked the difficulty, if a difficulty was provoked by him, without any intention to kill or inflict serious bodily injury upon the deceased, the punishment could not be assessed at more than five years confinement in the penitentiary. Again, the court instructed the jury that if the acts done or the language used by appellant, if any, were not calculated or intended to provoke a difficulty or an attack by deceased, appellant's right of self-defense would not be in anywise abridged or lessened. The opinion is expressed that the converse of provoking the difficulty was adequately submitted.

There are numerous bills of exception in the record. We have not undertaken to discuss all of appellant's contentions. However, they have been carefully examined, and the opinion is expressed that reversible error is not manifest.

The judgment is affirmed.

*Affirmed.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Apeals and approved by the Court.

Hawkins, J., absent.

LATTIMORE, JUDGE.—When one accused of homicide pleads self-defense, it is not infrequent that his rights in this regard are limited or abridged by an instruction on provoking the difficulty. It seems to some extent idle to debate whether there be a "difficulty" when one man gets shot by another. In the instant case the defense offered testimony whose effect, if same was believed by the jury, was that deceased made ugly remarks, insulting statements, threats, etc., immediately preceding the shooting, which so enraged appellant as to cause him to get his shot gun, go toward deceased who then made a threatening gesture as if to draw a weapon, upon which appellant shot and killed deceased. Such testimony was admissible both as showing the condition of the mind of appellant prior to and at the time of the homicide, as rebutting any theory of malice, and as showing that the killing was in self-defense, and also as rebutting the proposition that appellant provoked the difficulty. All of appellant's rights resulting from the above facts and based on such testimony, were protected and guarded in the court's charge submitting the various phases of the case from the defendant's standpoint.

In determining whether there be evidence calling for a charge on provoking the difficulty, ordinarily same would not cause the trial court to go beyond the State's evidence, though in some cases this might not be true; but if there be such evidence, it would be the duty of the court to submit the law of such issue, even though the trial court might believe the evidence on the part of the accused to be sufficient to overcome or rebut the theory of provoking the difficulty. The settlement of whether the issue be sustained or rebutted would be for the jury.

In his motion, and contention elsewhere, that the converse of the charge on provoking the difficulty was not submitted,—it seems to us that appellant has overlooked the additional charge given by the court. In same the court said:

"Gentlemen of the Jury: In connection with paragraphs 14, 15, 16, and 17 of the court's main charge, you are further instructed that if you should find, or have a reasonable doubt thereof, that the defendant Elzie Crowley did no act to provoke a difficulty with deceased Dick Anderson, and spoke no words calculated to provoke a difficulty, or an attack upon the defendant, by the deceased Dick Anderson, then in such an event the defendant's right of self-defense would not in anywise be abridged or lessened, and you will decide in that event the issue of self-defense in accordance with the law on that subject contained in paragraphs 10, 11, 12 and 13 of the court's main charge and also the defendant's special charge relating thereto, and without reference to the law on the subject of provoking the difficulty."

Paragraphs 14, 15, 16 and 17 of the main charge, referred to in said

additional charge above quoted, were those in which the law relative to provoking the difficulty was stated. We note that the only exceptions taken by appellant to the charge, were to "The main charge of the court." If any exceptions were addressed to said additional charge quoted, we fail to find same. Paragraph 17 of the main charge was intended to present the converse of provoking the difficulty, and seems to do so, but if there could have been any question as to its sufficiency in this regard, there could be none when said additional charge is taken together with said paragraph 17.

In our original opinion we set out some of the State's testimony,— not for the purpose of stating that such facts were not controverted, nor for the purpose of stating that we believed them to be true, or that they were true, but merely as making it plain that the trial judge was not without ground for submitting said issue of provoking the difficulty to the jury.

The trial court told the jury in paragraph 16 of the charge that even though appellant did provoke the difficulty, if same was without intention to bring about a difficulty in which he might kill or inflict serious bodily injury,—or if the jury had a reasonable doubt on this point, if they convicted they could not inflict a penalty of more than two to five years. We think this correct.

We have endeavored to give to appellant's motion careful thought and consideration, but are unable to agree that the case was wrongly decided.

The motion for rehearing will be overruled.

*Overruled.*