## WILL CAMPBELL V. THE STATE.

No. 16111.   Delivered June 14, 1933.
Reported in 61 S. W. (2d) 819.

The opinion states the case.

*Joe E. Webb,* of Madisonville, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

MORROW, PRESIDING JUDGE.—Unlawfully transporting intoxicating liquor is the offense; penalty assessed at confinement in the penitentiary for two years.

There is before us no statement of the facts showing the evidence heard before the trial court.

The record contains several bills of exception.

From Bill No. 1, it appears that the jury list contained thirty-one talesmen. Ten challenges for each the state and the appellant reduced the remainder to eleven. The court summoned another talesman. The bill is qualified with the statement that upon the delivery to the appellant of the list of thirty-one talesmen he exercised ten challenges without protest and without request that the panel be filled. No error is shown by the bill.

Bill No. 2 reflects the argument of the district attorney in which he expressed the opinion that the suspended sentence was intended to apply only to young men who were first offenders. Counsel privately suggested an objection to the court but made no request, either written or verbally, to instruct the jury to disregard the argument. We think the bill shows no error, and certainly none that would justify a reversal of the judgment.

Bill No. 3 deals with the same subject in effect as Bill No. 2, namely, the remarks of the district attorney in opposition to the suspended sentence. It appears from the qualification of the bill that the argument was invited and was an appropriate answer to the remarks of the appellant's attorney on the subject of the suspended sentence, relating his experience with reference thereto while he was district attorney. There was no request to instruct the jury to disregard the argument.

Bill No. 4 deals with the argument of the district attorney in which he said: "We never invited this defendant to come down the highway in our county and endanger traffic."

The bill is qualified with the statement that no request was made to instruct the jury to disregard the argument.

Bill No. 5 is to the effect that one of the jurors had been convicted in 1913 of a felony and given a suspended sentence; that this fact was not known to the appellant until after the verdict. The bill gives no description of the penalty assessed against the juror, nor the offense for which he was tried. It is provided in article 780, C. C. P., 1925, that after the time for

which the sentence is suspended, it may be set aside on motion for the defendant, accompanied by a showing that he has not been convicted of any other felony during the suspension of the sentence; that after the setting aside and dismissal of the judgment of conviction, the fact of such conviction shall not be shown or inquired into for any purpose except in cases where the appellant has been again indicted for a felony and invokes the benefit of this law. See Harris v. State, 93 Texas Crim. Rep., 544; Salinas v. State, 18 S. W. (2d) 663; Thompson v. State, 34 S. W. (2d) 250; Crowley v. State, 35 S. W. (2d) 437.

The judgment is affirmed.

*Affirmed.*